UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW LOUIS MERCADO,

                    Plaintiff,

          -against-

NEW WINDSOR NY P.D. 12553, et al.,

                    Defendants.

1:19-CV-11843 (CM)

ORDER DIRECTING PAYMENT OF FEES
OR IFP APPLICATION AND PRISONER
AUTHORIZATION

COLLEEN McMAHON, Chief United States District Judge:

          Plaintiff, currently held in the Orange County Jail, brings this action *pro se*. To proceed

with a civil action in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee

plus a $50.00 administrative fee – or, to request authorization to proceed *in forma pauperis*

(IFP), that is, without prepayment of fees, submit a signed IFP application and a prisoner

authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the

Prison Litigation Reform Act requires the Court to collect the $350.00 filing fee in installments

deducted from the prisoner's prison trust fund account. *See* 28 U.S.C. § 1915(b)(1). A prisoner

seeking to proceed in this Court without prepayment of fees must therefore authorize the Court

to withdraw these payments from his prison trust account by filing a "prisoner authorization,"

which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[1]

from the prisoner's prison trust fund account in installments and to send to the Court certified

copies of the prisoner's prison trust fund account statements for the past six months. *See* 28

U.S.C. § 1915(a)(2), (b).

----

          [1] The $50.00 administrative fee for filing a federal civil action does not apply to persons
granted IFP status under 28 U.S.C. § 1915.

Plaintiff submitted the complaint without the relevant fees or a completed IFP application and an appropriate prisoner authorization.[2] Within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees or complete and submit the attached IFP application and prisoner authorization forms. If Plaintiff submits the IFP application and prisoner authorization, they should be labeled with docket number 19-CV-11843 (CM).[3]

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 3, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Plaintiff filed a prisoner authorization that authorizes the disbursement of $400.00, not the required $350.00 filing fee. (ECF 2.)

[3] Plaintiff is cautioned that if a prisoner files a federal civil action that is dismissed as malicious, frivolous, or for failure to state a claim, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and must pay the relevant fees at the time of filing any new federal civil action.