UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW LOUIS MERCADO,

                Plaintiff,

-against-

NEW WINDSOR NY P.D. 12553; DET. FRANK VOLPE; DET. KEVIN MOORE,

                Defendants.

7:19-CV-11843 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

    Plaintiff, currently held in the Orange County Jail, brings this *pro se* action under 42 U.S.C. § 1983. He sues the Town of New Windsor Police Department ("NWPD"), and New Windsor Detectives Volpe and Moore. He seeks damages and injunctive relief. By order dated February 13, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

    For the reasons discussed below, the Court dismisses Plaintiff's claims against the NWPD. The Court also directs the Clerk of Court to add the Town of New Windsor as a defendant. The Court further directs service on the Town New Windsor, Volpe, and Moore.

## STANDARD OF REVIEW

    The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

**DISCUSSION**

**A.     NWPD**

Plaintiff's claims against the NWPD must be dismissed because municipal agencies or departments do not have the capacity to be sued under New York law. *See Omnipoint Commc'ns, Inc. v. Town of LaGrange*, 658 F. Supp. 2d 539, 552 (S.D.N.Y. 2009) ("In New York, agencies of a municipality are not suable entities."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002) ("Under New York law, departments which are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and cannot sue or be sued."); *see also* N.Y. Gen. Mun. Law § 2 ("The term 'municipal corporation,' as used in this chapter, includes only a county, town, city and village.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the Town of New Windsor, the Court construes the complaint as asserting claims against the Town of New Windsor, and directs the Clerk of Court to amend the caption of this action to replace the NWPD with the Town of New Windsor. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the Town of New Windsor may wish to assert.

**B.     Service on the defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *See Walker v. Schult*, 717 F.3d 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the Court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint on the Town of New Windsor, Volpe, and Moore until the Court reviewed the

complaint and ordered that summonses be issued for those defendants. The Court therefore extends the time to serve the Town of New Windsor, Volpe, and Moore, until 90 days after the date that summonses for those defendants are issued. If the complaint is not served on the Town of New Windsor, Volpe, and Moore within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on the Town of New Windsor, Volpe, and Moore through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of those defendants. The Clerk of Court is further instructed to issue summonses for the Town of New Windsor, Volpe, and Moore, and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service on those defendants.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

The Court dismisses Plaintiff's claims against the Town of New Windsor Police Department ("New Windsor NY P.D. 12553").

The Court also directs the Clerk of Court to add the Town of New Windsor as a defendant. Fed. R. Civ. P. 21.

The Court further directs the Clerk of Court to issue summonses for the Town of New Windsor, Volpe, and Moore; complete USM-285 forms with the service addresses for those defendants; and deliver all documents necessary to effect service on those defendants to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:
    White Plains, New York
    2/18/2020

                                                        CATHY SEIBEL
                                          United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Town of New Windsor
   Town Attorney
   555 Union Avenue
   New Windsor, New York 12553

2. Detective Frank Volpe, Badge No. 137
   Town of New Windsor Police Department
   555 Union Avenue
   New Windsor, New York 12553

3. Detective Kevin Moore, Badge No. 77
   Town of New Windsor Police Department
   555 Union Avenue
   New Windsor, New York 12553