A Discovery Conference is scheduled for November 3, 2021 at 11:00 a.m. The Clerk of Court is directed to mail a copy of this endorsement to Plaintiff.



**HODGES WALSH & BURKE, LLP**
ATTORNEYS AT LAW
55 CHURCH STREET, SUITE 211
WHITE PLAINS, NEW YORK 10601
___
(914) 385-6000
FAX (914) 385-6060
www.hwb-lawfirm.com

SO ORDERED.

*Cathy Seibel*

10/25/21   CATHY SEIBEL, U.S.D.J.

Paul E. Svensson
Direct Email: psvensson@hwb-lawfirm.com

October 25, 2021

Hon. Cathy Seibel
United States District Judge
Charles L. Brieant United States Courthouse
300 Quarropas Street
White Plains, NY 10601

> RE: Mercado v. Town of New Windsor, et al.
> Case No. 19-cv-11843(CS)
> **REQUEST TO PRECLUDE PLAINTIFF'S FLASH DRIVE**

Dear Judge Seibel:

Plaintiff has set forth multiple assertions of fact which rely on a flash drive which was never produced in discovery. (See ECF Doc. No.: 70-73). Plaintiff admits to the Court that he never provided a copy of the flash drive to the Defendants (see ECF Doc. No.: 78, p. 3) and, as such, it must be precluded.

Plaintiff also references information from the District Attorney, which both parties received, as well as discovery obtained from his prior attorney, which we believe is contained in the files produced by the District Attorney. There is no issue with these files.

Plaintiff claims that he told opposing counsel on July 1, 2021 that he hoped to have audio and visual data, and claims to have sent a letter to opposing counsel on July 4, 2021 indicating that material was now in his possession. However, as noted, plaintiff admits that he did not

provide a copy of the flash drive with that letter.   Also, Plaintiff also failed to provide an affidavit of service or any other proof that the letter was actually mailed, and this office is unable to locate that letter in our files.

Furthermore, Plaintiff admits that he obtained the flash drive from an unidentified "source" who had "retrieved the evidence" for him. Moreover, he never advised the Court that he had the flash drive, and instead of producing a copy of the flash drive with an affidavit as to the means by which it was produced, Plaintiff held onto the flash drive and now attempts to use it in opposition to Defendants' Motion for Summary Judgment.

This raises critical issues as to the authentication of the data being presented by the Plaintiff.   He has not identified the identity of his "source," and there is no information what technique was used, and whether it was edited.

Based upon the circumstances under which the flash drive came into existence, and was strategically withheld, the Court must conclude it is not presented in admissible form and must be precluded.

Rule 16 governs scheduling matters and the district court's general powers to manage its own proceedings. Rule 16(f)(1)(c) provides that, "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party ... fails to obey a scheduling or other pretrial order." Rule 37(b)(2)(A)(ii)–(vii) sets forth a non-exclusive list of sanctions a court may impose against a party for failing to comply with a court order, including the sanction of preclusion. Accordingly, pursuant to Rule 16, a party's failure to comply with a discovery order properly results in preclusion. See *Advanced Analytics, Inc. v. Citigroup Glob. Markets, Inc*., 301 F.R.D. 31, 35 (S.D.N.Y.), objections overruled, 301 F.R.D. 47 (S.D.N.Y. 2014) (internal quotations and citations omitted).

In addition to being a procedural violation of the civil practice rules, Plaintiff's conduct is prejudicial to the Defendants who, as noted above, have not had an opportunity to inspect the purported cell phone data.

No remedy other than preclusion may address the actual prejudice as discovery is complete, the Defendants requested a motion conference, Plaintiff did not request an extension of discovery, and the Defendants have fully submitted their Motion for Summary Judgment based upon the materials properly disclosed in this case.

Based upon the foregoing, Plaintiff's violation of the rules for civil practice, and the potential for prejudice, cannot be ignored and the submission of Plaintiff's flash drive must be precluded.

Thank you for your consideration.

Very truly yours,

*Paul E. Svensson*
Paul E. Svensson (3403)


CC:     Matthew Mercado   JIN# 201904058
        Orange County Jail
        110 Wells Farm Road
        Goshen, New York 10924

LEGAL MAIL TO BE OPENED ONLY BY – OR PURSUANT TO RULE – IN THE PRESENCE OF THE ADDRESSEE

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK        )
                                    ) SS.:
COUNTY OF WESTCHESTER   )

       BRENDA CRUZ, being duly sworn, deposes and says:

       I am employed by the law firm of HODGES WALSH & BURKE, LLP, counsel for Defendants in the above action and I am over the age of 18 years and I am not a party to this action.

       On October 25, 2021, I served a true copy of **Letter dated October 25, 2021 TO Hon. Cathy Sibel** by mailing same in a sealed envelope, with postage prepaid thereon, in an official depository of the U.S. Postal Service within the State of New York addressed to the last known address of the *Pro Se Plaintiff* in this action, to wit:

       MATTHEW LOUIS MERCADO
       ID #: 201904058
       Orange County Correctional Facility
       110 Wells Farm Road
       Goshen, NY 10924
       **LEGAL MAIL TO BE OPENED ONLY**
       **BY – OR PURSUANT TO RULE – IN THE**
       **PRESENCE OF THE ADDRESSEE**

                                  BRENDA CRUZ

Sworn to before me this
25th day of October, 2021

Notary Public

YELENA V. STIFEYEVA
Notary Public, State of New York
No. 01ST6226700
Qualified in WESTCHESTER County
Commission Expires AUGUST 16, 20__